NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1064

KIMBERLY MCCORMICK

vs.

DEPARTMENT OF REVENUE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this suit the plaintiff, Kimberly McCormick, seeks to recover $4,606 from the Massachusetts Department of Revenue (DOR) that she claims the DOR erroneously levied on from an account at the Digital Federal Credit Union (DCU). The apparent basis for the DOR's levy was a child support judgment against McCormick's boyfriend, Jason McManus, entered in the Middlesex County Probate and Family Court. The gist of the plaintiff's one-paragraph complaint appears to be that, in her view, the DOR should not have been able to levy on funds in the DCU account.

A Superior Court judge dismissed the complaint under Mass R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), citing several grounds, and the plaintiff appealed. For the reasons stated below, we affirm.

In this appeal we need rely on only one of the grounds cited by the judge, which is that the complaint, taken as true, does not state a basis for relief. The complaint does not allege that the DCU account levied on was solely in the plaintiff McCormick's name. If the DCU account were solely in McCormick's name, then McCormick might indeed have a claim. The child support judgment is against McManus, not McCormick, and the two are not married. But without the critical allegation that the account was solely in McCormick's name the complaint fails, because if McManus's name was on the account (either solely or jointly), then the levy would appear to be lawful, and in any event, any challenge to the levy could not be filed directly in Superior Court. We note, moreover, that the documents that McCormick attached to her complaint indicate (1) that the DCU account was in McManus's name, and (2) that $5,000 was transferred to DCU from a Citicard account in McManus's name, deposited in the DCU account on December 1, 2021, and levied on by the DOR on December 14, 2021.

The plaintiff's claim was properly dismissed.

Judgment affirmed.

By the Court (Green, C.J.,
Englander & Brennan, JJ.[1]),

Assistant Clerk

Entered:  April 5, 2024.

---

[1] The panelists are listed in order of seniority.